Heirs of Alfredo Matheu, Plaintiffs and Appellants, v. Municipality of Arecibo, Defendant and Appellee.

No. 8245. Argued November 14, 1940.—Decided November 18, 1940.

*Diego E. Ramos* for appellants. *E. Pérez Casalduc* for appellee.

Mr. Chief Justice Del Toro delivered the opinion of the court.

In this case a judgment was rendered by the district court in the following terms:

". . . the complaint is sustained and the municipality is adjudged to pay to the plaintiff the sum of two thousand seven hundred dollars, plus three hundred dollars as attorney's fees. The amount of the judgment shall be deposited in this Court by the municipality for the purpose of determining by a subsequent order what amount is to be subjected to the legal restrictions applicable to the property of minors."

The municipality appealed and this Supreme Court affirmed the judgment appealed from. After the case had been remanded to the district court, "the plaintiff succession through its attorney" filed a petition in that court and alleged that the $2,700 which the court had ordered the defendant to pay to the heirs as damages for the death of the decedent *(causante)* constituted community property to be distributed among the various heirs, to wit, the widow and her three minor children; that the widow was not bound nor did she desire to continue indefinitely to hold said property in common; and that due to the insolvency of the defendant municipality there was no means to collect the judgment, but that it might be possible, however, to obtain the necessary funds for supplying the needs of the widow and children —all indigent persons—through an assignment by the widow of her share in the judgment to any person who might be willing to purchase the same; and, after setting forth a distribution of the award in accordance with the rules provided by law for the partition of inheritances, to wit, $1,575 for the widow and $375 for each of the three children, plaintiff prayed the court to award to the widow the amount to which she was entitled in order that she might freely dispose of the same.

The lower court decided that question as follows:

". . . in view of the fact that the judgment of this Court, as the same was affirmed by the Supreme Court, provides in its dispositive part that the amount thereof should be deposited in this Court by the municipality for the purpose of determining by a subsequent order what amount is to be subjected to the legal restrictions applicable to the property of minors, and as the municipality has not yet paid or deposited the said amount, it would be premature for the Court to determine what sum should be delivered to the widow as the amount of her share in the judgment.

"As the municipality has included in the budget a sum for the payment of said judgment, the proper procedure would be that the plaintiff endeavor to collect the same at the earliest practicable date, which would be more beneficial for the widow and the plaintiff succession."

646

Feeling aggrieved by that decision, the plaintiffs through their attorney appealed to this court, and in their brief they have assigned three errors, which they argue jointly and which may be considered as comprised in the first assignment, formulated thus:

"The court erred in interpreting its own judgment rendered in this case, attributing to the legal restrictions relative to the property of minors a scope which they do not have, and much less to be applied to the right of a surviving spouse."

The plaintiffs in their argument confine themselves to a citation of the legal provisions and of the decisions on which they base their contention that the award granted in the judgment is community property subject to immediate partition; but they say nothing as to the effect of a judgment containing the terms in which the one involved in this case was drafted.

The court by said judgment clearly directed that the amount thereof should be deposited for the purpose of determining by a subsequent order what sum should be subjected to the legal restrictions regarding the property of minors.

The widow, a member of the plaintiff succession, did not make any objection nor ask for any explanatory statement; she fully acquiesced in the judgment. It was the defendant who appealed, and this Supreme Court in overruling its appeal affirmed the judgment in all its parts.

There is no showing that the defendant has complied with the judgment, that is, that it has deposited the amount thereof in court; nor that the satisfaction of the judgment is an impossibility. On the contrary, it appears that the municipality included in the budget the sum to be paid, which is the first step that must be taken looking to such payment.

That being so, and as the appellants have cited no law or decision settling the question raised by them, nor adduced any weighty reason which would lead us to conclude that the court in a case of this character was not justified in assuming

the attitude that it did in considering the petition as premature and the waiting as beneficial, adding the suggestion that steps be taken to collect the amount due at the earliest possible date, we do not feel bound to reverse its order but on the contrary inclined to affirm the same.

We are unable to understand how, if it be maintained that the municipality is insolvent, for which reason it is impossible to collect the judgment, a purchaser could be found who would be willing to buy the widow's share, unless it be for a ludicrous price. Besides, it might cause some prejudice to the minors. A wiser course would seem to be to exhaust all direct attempts to effect a collection, and to resort to extreme measures only when no other way is open.

The appeal can not be sustained. The order appealed from must be affirmed.